RECORD NUMBER: 13-4277(L)

# United States Court of Appeals
## *for the*
# Fourth Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

KEVIN BROWN, a/k/a Ham,
SAMUEL BRAXTON, a/k/a/ Fats,

*Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT GREENBELT

# OPENING BRIEF OF APPELLANTS

STEVEN R. KIERSH
LAW OFFICE OF STEVEN KIERSH
5335 Wisconsin Avenue, Suite 440
Washington, DC  20015
(202) 997-1125
*Counsel for Appellant Brown*

STEVEN H. JESSER
STEVEN H. JESSER,
 ATTORNEY AT LAW, PC
2700 Patriot Boulevard, Suite 250
Glenview, IL  60026
(847) 424-0200
*Counsel for Appellant Braxton*

CP COUNSEL PRESS • VA – (800) 275-0668

# TABLE OF CONTENTS

Table of Authorities ....................................................................... iii

Statement of Subject Matter and Appellate Jurisdiction (Braxton)............... 1

Statement of Subject Matter and Appellate Jurisdiction (Brown).................. 1

Statement of the Issue Presented for Review (Braxton)................................ 2

Statement of the Issue Presented for Review (Brown).................................. 2

Statement of the Case (Braxton) ................................................... 2

    Statement of the Case ........................................................... 2

    Statement of Facts Relevant to the Issue Presented for Review .......... 3

Statement of the Case (Brown) ..................................................... 6

    Statement of the Case ........................................................... 6

    Statement of Facts Relevant to the Issue Presented for Review .......... 7

Summary of Argument (Braxton).................................................... 10

Summary of Argument (Brown).................................................... 11

Argument (Braxton)....................................................................... 11

    I.    Braxton's sentence was unlawful and outside the scope of his appeal waiver because the Court abused its discretion in not finding an adjusted offense level of 34 ....................................... 11

    Standard of Review.................................................................. 11

Argument (Brown)......................................................................... 17

    Standard of Review.................................................................. 17

i

I.    The Trial Court Erred When It Did Not Consider A
      Sentence Below That Mandated By The Federal
      Sentencing Guidelines ............................................... 17

Conclusion (Braxton).................................................... 20

Conclusion (Brown)...................................................... 21

Oral Argument Not Requested...................................... 21

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

## Cases

*United States v. Birdine,*
    515 F.3d 842 (8th Cir. 2008) ........................................................... 13

*United States v. Davis,*
    2013 WL 5651619 (D.Kann. 2013).................................................. 18

*United States v. Horton,*
    693 F.3d 463 (4th Cir. 2012) ....................................................... 11, 17

*United States v. Kupa,*
    No. 11-CR-345, 2013 WL 5550419 (E.D.N.Y. 2013) ..................... 18

*United States v. Martin,*
    29 Fed.Appx. 178, 2002 WL 246581 (4th Cir. 2002) ....................... 13

## Rules, Statutes, and Other Authorities

18 U.S.C. § 846.......................................................................... 2, 3, 6

18 U.S.C. § 1291......................................................................... 1, 2

18 U.S.C. § 3231............................................................................. 1

18 U.S.C. § 3553........................................................................ 8, 9

18 U.S.C. § 3553(a) ................................................................. 10, 20

21 U.S.C § 846......................................................................... 1, 3, 7

Fed. R. App. P. 4 (b)(1)(A) ...................................................... 1, 2

U.S.S.G. §3B1.1(a) .................................................................... 14

U.S.S.G. §3B1.1(c) .................................................................... 14

U.S.S.G. §3D1.4........................................................................... 13

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION FOR MR. BRAXTON

**(A)** **Basis for the District Court's Jurisdiction**—Appellant ("Braxton") was charged in the United States District Court of Maryland with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, and Forfeiture under 21 U.S.C. § 853. Jurisdiction of the United States District Court was based upon 18 U.S.C. § 3231.

**(B)** **Basis for this Court's Jurisdiction**—Jurisdiction of this Court is invoked pursuant to 18 United States Code § 1291.

**(C)** **Filing deadlines establishing the timeliness of the Appeal.** The filing of the appeal is governed by Federal Rule of Appellate Procedure 4 (b) (1) (A). Sentence was imposed on April 1, 2013. A Notice of Appeal was filed on April 9, 2013.

**(D)** Appeal is from a final Order of the United States District Court entered on April 1, 2013.

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION FOR MR. BROWN

**(E)** **Basis for the District Court's Jurisdiction**—Appellant was charged, in the United States District Court of Maryland, Southern Division, with conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846 Jurisdiction of the United States District Court was based upon 18 U.S.C. § 3231.

**(F)** **Basis for this Court's Jurisdiction**—Jurisdiction of this Court is invoked pursuant to 18 United States Code § 1291.

**(G)** **Filing deadlines establishing the timeliness of the Appeal.** The filing of the appeal is governed by Federal Rule of Appellate Procedure 4 (b) (1) (A). Sentence was imposed on August 28, 2013. A Notice of Appeal was filed on August 29, 2013.

**(H)** Appeal is from a final Order of the United States District Court entered on August 28, 2013.

**STATEMENT OF THE ISSUE PRESENTED**
**FOR  REVIEW FOR MR. BRAXTON**

**Whether Mr. Braxton's sentence was unlawful and outside the scope of his appeal waiver because the Court abused its discretion in not finding an adjusted offense level of 34.**

**STATEMENT OF THE ISSUE PRESENTED FOR REVIEW**
**FOR MR. BROWN**

**I.** **WHETHER THE TRIAL COURT ERRED IN NOT CONSIDERING A SENTENCE BENEATH THAT MANDATED BY THE FEDERAL SENTENCING GUIDELINES**

**STATEMENT OF THE CASE FOR MR. BRAXTON**

**Statement of the Case for Mr. Braxton**

Braxton was charged in a multiple party indictment alleging violation of 18 U.S.C. § 846, Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances (JA 15-19). The offense occurred between June, 2010 and February, 2012, in the State of Maryland.

2

On September 24, 2012  Braxton entered a plea of guilty before Hon. Roger W. Titus, Jr., United States District Judge, to 18 U.S.C. § 846, Count I of the indictment.

A presentence report was prepared with a determination that defendant had a total offense level of 35 and a criminal history category 6. The guideline range for that category is 292 to 365 months. At the time of sentencing, the trial court determined  the criminal history of category of defendant to be 6, without objection by Braxton (Sealed JA p. 3).

The trial court imposed a sentence of 324 months of imprisonment on April 1, 2013. A timely notice of appeal was filed (JA p. 39).

**Statement Of Facts Relevant To The Issue Presented**
**For Review For Mr. Braxton**

Braxton was one of eleven people charged by indictment  (JA pp. 15-19) with conspiracy to distribute and to possess with intent to distribute (a) one kilogram or more of a mixture and substance containing a detectable amount of phencyclidine, and (b) 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C § 846**.**

On September 24, 2012 Braxton entered in open court a plea of guilty to the indictment, pursuant to plea agreement (JA pp. 20-32 and Sealed JA p. 120), which plea agreement contained stipulated facts (JA pp. 31-32). In the plea agreement, pursuant to its paragraph 4.e., "Defendant knowingly gives up the right to appeal

3

the verdict and the Court's decisions" (JA, p. 22). However, when the Court sentenced Braxton, the Court modified Braxton's appeal waiver by stating: "I do want to point out to you that there are some contractual restrictions on your right to appeal that are contained in paragraph 17 of your plea agreement on page 7. In that paragraph you waived your right to appeal your conviction and you've also waived your right to appeal your sentence *unless the sentence is either unlawful* or utilizes an offense level of 35. Since the offense level is 35, there are restrictions on your right to appeal by virtue of your contractual agreement" (emphasis added) (Sealed JA p. 60).

The appeal *sub judice* is brought on the basis of unlawfulness of the sentence, which the trial court in open court, at sentencing, excluded from the negotiated appeal waiver. The maximum penalties for the offense to which Braxton pled include not less than ten and not more than life imprisonment, a term of supervised release of at least five years, and a fine of 10,000,000.00. The parties agreed to a base offense level of 34, and a two-level reduction based on acceptance of personal responsibility, as well as a one-level reduction for timely notification of intent to plead guilty (JA p. 23). The parties disputed whether Braxton was an organizer, leader, manager, or supervisor in the criminal activity, and whether Braxton merited a two-level increase because of his involvement of his minor son

to commit an offense. The court ascribed a criminal history category of 6 (Sealed JA p. 3).

The stipulated facts (JA pp. 31-32) in the plea agreement included the following. Between June 2010 and February 23, 2012, Braxton and others conspired to distribute 15-35 kilograms of a substance containing PCP, 28-112 grams of a substance containing crack, and 100-400 grams of a substance containing heroin. Braxton regularly received multi-ounce to quarter-gallon quantities of mixture of PCP from Mack Easy Holland, and then he would apply starter fluid or other chemicals to the PCP, to increase its quantity. Braxton would obtain heroin from William Lawson and others. Braxton would obtain cocaine and crack, and would sell these substances to regular drug customers in Prince George's County, MD and elsewhere in the DC Metro area. Braxton was intercepted on more than 600 drug-related telephone conversations. On October 20, 2013 and November 10, 2011, an informant purchased eight ounces of PCP from Braxton at his apartment. Sixteen ounces of PCP owned by Braxton and eight ounces of PCP owned or stored by Braxton in another location were seized by law enforcement on February 23, 2012. Braxton was overheard by wire interception on December 22, 2012, directing his minor son to transport a bag of PCP from his bowling alley locker. Law enforcement observed Braxton's minor son entering the bowling alley and then re-entering Braxton's vehicle.

5

At sentencing, the Court stated "The bottom line is that we come down to a final adjusted offense leader 35 or 34, *which is not much of a difference.* But if it's a 35 as recommended by the probation officer, the sentencing range is 292 to 365. If it's 34 and a 6, he's 262 to 327. And those are the two sentencing ranges that would appear appropriate depending upon how that issue comes out. *That's not a big difference*" (emphasis added) (Sealed JA p. 170).

## STATEMENT OF THE CASE FOR MR. BROWN

### Statement of the Case for Mr. Brown

Defendant was charged in a multiple party indictment alleging violation of 18 U.S.C. § 846, Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances. Appendix, 15-19. The offense occurred between January 2011 and February 2012, in the State of Maryland.

On August 28, 2013 defendant entered a plea of guilty before the Honorable Roger W. Titus, Jr., United States District Judge. Defendant entered a plea of guilty to 18 U.S.C. § 846, Count I of the Superseding Indictment.

A Presentence Report was prepared with a determination that defendant had a total offense level of 23 and a criminal history category V. The guideline range for that category is 84 to 105 months. At the time of sentencing, the trial court reduced the criminal history of category of defendant to IV there by reducing his guideline range of imprisonment to 70-87 months. Tr. 8/28/13, 25, Appendix 101.

The trial court imposed a sentence of 72 months of imprisonment on August 28, 2013. Id., Appendix 109. A timely Notice of Appeal was filed. Appendix, 6.

## Statement Of Facts Relevant To The Issue Presented For Review For Mr. Brown

Appellant was one of eleven people charged with Conspiracy to Distribute and Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C § 846**.**

On April 26, 2013, Defendant agreed to enter a plea of guilty to Count One of the superseding indictment. That count charged defendant with Conspiracy to Distribute 100 grams or more of a mixture and substance containing a detectable amount of PCP in violation of 21 U.S.C. § 846. The maximum penalties for the offense included not less than five and not more than 40 years of imprisonment, a term of supervised release of at least four years, and a fine of 5,000,000.00. Tr. 4/26/13, 11, Appendix, 51.

The parties agreed to the following considerations related to the federal sentencing guidelines:

> As to count one, the base offense level is 26. Defendant is responsible for at least 100 grams of PCP. The government does not oppose a two-level reduction in the defendant's adjusted offense level based upon his acceptance of responsibility. The Government agreed to make a motion for an additional one-level decrease in recognition of the defendant's notification of his intention to plead guilty on a timely basis. If the Defendant obtains a three-point reduction, the final offense level will be 23.

7

Id. 12, Appendix, 52.

> The government represented:

> The parties agree that the Defendant reserves the right to argue that the sentence in this case should be imposed to run concurrently to the sentence previously imposed in the District of Columbia Superior Court case, United States v. Brown, pursuant to Sentencing Guideline 5G1.3 and 18 U.S.C. § 3553. The Government will take no position as to this argument.

Id. 13, Appendix, 52,53.

> The Court advised the defendant concerning the federal sentencing

Guidelines.

> [I]n your agreement…you have agreed that the base offense level is 26, there is an agreement to reduce your offense level by a total of three levels because of your acceptance of responsibility and your promptness in doing so, which would bring it down to 23. There is no agreement as to your criminal history category, and I have no idea what it is myself.

Id. 19, Appendix, 59.

> The court accepted defendant's plea of guilty.

Sentencing occurred on August 28, 2013. Defendant did not dispute the offense level of 23 as reflected in the Presentence Report.   However, at the time of sentencing, the court reduced the criminal history category from 5 to 4 because "the conviction in the Superior Court of the District of Columbia that we've been discussing was committed during the time of the charged conspiracy and it was therefore part of it and that should not be counted for criminal history purposes."

8

Tr, 8/28/13, 25, Appendix, 101.

The trial court noted that "If I conclude that the sentence is excessive as proposed by the guidelines, then I should impose a sentence that is sufficient, but not greater than necessary that it's outside the guideline range." Id. Appendix, 102.

Defendant asked for a sentence that was below the federal sentencing guidelines. Id. 6, Appendix, 82. Defendant relied upon the Memorandum issued by United States Attorney General Holder in support of his request for a sentence below the mandatory minimum. "We understand that it is not 100% clarity with respect to Attorney General Holder's memo. And that Mr. Brown does in fact—the number of points he has exceeds the number of points that Attorney General Holder made reference to in his report. But nevertheless, the court does talk about his memo and his memo does talk about just how significant and the devastating effect that mandatory minimum sentences have on people such as Mr. Brown." Id. 4-5, Appendix, 80-81.

Defendant made the following request concerning the sentence that was imposed by a court in the District of Columbia:

> He is serving a sentence in the District of Columbia from the D.C. Superior Court. It was a 24 month sentence that was imposed in January of 2012. That sentence is substantially completed, but we would ask the Court to impose this sentence concurrently with that sentence because all of the events of the conspiracy with which Mr., Brown is charged occurred during the same period of time that the District of Columbia charges occurred." Id. 6, Appendix, 82.

The trial court concluded as follows:

> I have applied the guidelines. I have made one adjustment to the criminal history category, reducing it from 5 to 4 because the conviction in the Superior Court of the District of Columbia that we've been discussing was committed during the time of the charged conspiracy and it was therefore part of it and that should not be counted for criminal history purposes. And that has benefitted him by reducing the applicable sentencing range from 84 to 105 down to 70 to 87. This is a case that has a mandatory minimum imposed by Congress of five years. I have applied the guidelines and now I'm required to consider the requirements of federal law for imposing a sentence and those requirements are set forth in § 3553 (A) of Title 18 of the United States Code. Id. 25, Appendix, 101.

Following consideration of the § 3553 factors, the court imposed a sentence of 72 months of incarceration with the direction that the sentence imposed run concurrent with the District of Columbia Sentence.  Id. 32, Appendix, 109.

## <u>SUMMARY OF ARGUMENT FOR MR. BRAXTON</u>

Braxton's sentence was unlawful and outside the scope of his appeal waiver because the Court abused its discretion in not finding an adjusted offense level of 34. Contrary to its sentencing remarks, an adjusted offense level of 34 was appropriate, and would have enabled Braxton to serve a severe, but substantially lessened, sentence than 324 months. Contrary to the Court's comment, a significant  difference in sentencing time, that is, potentially three to four years, exists between a 34 adjusted offense level and a 35 adjusted offense level.

## SUMMARY OF ARGUMENT FOR MR. BROWN

The Holder Memo, issued by United States Attorney General Eric Holder on August 12, 2013, recommended a change in charging policies concerning individuals facing mandatory terms of imprisonment for narcotic violation. The Holder Memo set forth a series of criteria that should be met in order for an offender to be sentenced outside the statutory minimum period of incarceration. Appellant fell within the category of persons who could be affected by the Holder Memo and should have been considered for a sentence beneath that mandated by the federal sentencing guidelines. The trial court did not consider the Holder memo and imposed a sentence of 72 months of imprisonment.

## ARGUMENT FOR MR. BRAXTON

**I.    Braxton's sentence was unlawful and outside the scope of his appeal waiver because the Court abused its discretion in not finding an adjusted offense level of 34.**

## Standard of Review

The Fourth Circuit reviews a criminal sentence for reasonableness, applying an abuse of discretion standard.  *United States v. Horton*, 693 F. 3d 463 (4th Cir. 2012).

The Court acknowledged at sentencing that it <u>could be erring</u> in determining an offense level of 35 rather than 34, and tacitly acknowledged that it had

11

essentially determined the length of Braxton's sentence before applying Guideline

calculations, by stating that:

> I do believe that this defendant needs to have a significant sentence and I
> conclude that a sentence of 324 months would be appropriate. That is in the
> middle, plus or minus, of the guideline range. It is close to the top of the
> level that was advocated by the defendant.  And *were I to be incorrect* on the
> offense level that I was applying, a 34 and a 6, *I would apply the same
> sentence*. This is a defendant whose record with a broad range of drugs, the
> length of time involving in the drug business and repeatedly committing new
> crimes of the exact same nature cries out for a sentence of this length,
> *whatever the offense level may be.* So to the extent *if I've made any error* in
> the choice between offense level 34 or 35, I would apply it near the top
> because it was 34 and the middle is 35. So I'm imposing a sentence of 324
> months (emphasis added) (Sealed JA p. 200).

The enhancement under U.S.S.G. § 3B1.4 was unnecessary, for Braxton's

use of his minor son in the commission of  a crime. Braxton did not systematically

use his son as a lookout, or runner, or deliverer. Rather, he had his son place a bag

containing PCP in a locker. In the Addendum to the presentence investigation,

Probation  had "*the impression* that this is not the first time the defendant used his

minor son to place or retrieve items from his locker" (emphasis added) (Sealed JA,

p. 139). "Impressions" are mere non-empirical speculations, not proof of repeated

wrong-doing, but the Court relied on such "impressions" by stating at sentencing

"…..And whether it was one time or *ten times*, I don't think that this is an offense

characteristic depending on the number of times the minor was used. The minor

was used. I find the adjustment to be richly deserved" (emphasis added) (Sealed

JA, pp. 168-169).

It was error for the Court to even speculate that Braxton used his son in the commission of up to ten offenses, only two of which was proven by admission. It is incongruous that district courts demand and require such an exacting level of precision in trial and in required pre-trial submissions regarding burdens of proof and statutory and common law evidentiary standards, yet then become so undemanding and relaxed in accepting non-empirical recommendations from Probation, based on mere impressions, assumptions, appearances, and rank hearsay; and not based on discrete, empirical information. These two instances of involvement of a minor, while regrettable, were isolated and fleeting, within the overall scope of a long conspiracy of many acts, and over many months' duration, and was not a reasonable or fair basis for a two-level enhancement.

The facts *sub judice* are distinguishable from those in other drug cases where the adjustment has been found to be proper. In *United States v. Birdine*, 515 F.3d 842 (8th Cir. 2008), a minor learned how to sell drugs from defendant. In *United States v. Martin*, 29 Fed.Appx. 178, 2002 WL 246581 (4th Cir. 2002), a minor son was regularly paid a salary to sell drugs. Braxton's son was not used as a look-out or "runner" with regard to drug activity. As a consequence, the use of minor adjustment under § 3D1.4 should not be applied to Braxton.

The Government failed to prove by admission or otherwise that Braxton had an aggravated role in the conspiracy, such as an organizer, leader, manager, or

13

supervisor of a criminal activity under U.S.S.G. §3B1.1(c), under which he received a two-level enhancement. The conspiracy was not organized or hierarchal with any leader who had lieutenants carrying out orders or directing underlings or daily workers. Rather, the conspiracy constituted a loose association of persons involved in the drug trade who acted independently of each other and were not managed or supervised by Braxton. Once again, Probation expressed speculation and uncertainty in the Addendum to the presentence investigation, by stating "…..*While the defendant may not qualify* as an organizer or leader or (sic) a criminal activity that involved five or more participants or was otherwise extensive under U.S.S.G. §3B1.1(a), *we believe* he was an organizer, leader, manager or supervisor of a criminal activity under §3B1.1(c)…..(emphasis added) (Sealed JA, p. 140).

Query: (a) "We believe"? (b) That's all? (c) That's all upon which Probation based its declaration, which the Court accepted in imposing another two-level enhancement, of Braxton's alleged leadership in the conspiracy? This additional two-level enhancement was completely unjustified, based upon a highly-partisan, pro-prosecution <u>belief</u> by Probation that Braxton was an organizer, which speculative, prejudiced-against-the- accused, and non-independent speculative belief was not based on any empirical proof. Probation clearly admitted in the

14

Addendum that it lacked evidence to circumstantially or otherwise prove or demonstrate that he was such an organizer, etc.

Probation adds to its uncertainly by claiming in its Addendum that "The defendant *appears* to have been *at the center* of the distribution of drugs in this conspiracy (emphasis added) (Sealed JA, p. 140). It then raised a series of disconnected, disjointed facts, as though doing so would lend cohesion to them, and convert them into a conclusion of leadership role of criminal activity.

Probation also seeks to justify its assumption of Braxton's leadership role by claiming that he "*appears* to have been in the *center* of the distribution of drugs in this conspiracy" (emphasis added) (Sealed JA, p. 140). Being "apparently" in the "center" of a conspiracy does not equate to any organizer or leadership role. That is just loosely-stated lay, and not legalistic, wording. Being in the center of a conspiracy is nothing more than being involved in a loose conspiracy, yet the Court enhanced Braxton's sentence two levels in accepting this assumption by Probation, where it only *appeared* to Probation that Braxton was in the middle of a conspiracy. Braxton demurrers to this point, that is, he admits that he was in a conspiracy and that is why he accepted responsibility and pled guilty, but no supervision or management  role by him over co-conspirators was admitted or proven or demonstrated, by any criminal or civil or administrative standard of burden of proof, circumstantial or direct.

15

It is <u>disturbing</u> here that Probation was not acting like an independent agency of the Court but, rather, displayed an obvious agenda to elevate Braxton's sentence, even where it admitted that it lacked requisite proofs to justify these enhancements. The district Court relies upon Probation and other agencies of the Court to demonstrate integrity and independence at all times, in advising the Court how to proceed. Prosecution and defense attorneys have the same daily and hourly duty in law to advise the Court of their positions, based on law and fact, and the prosecutors and defense counsel in Braxton's case did so, but Probation overtly admitted its lack of information, and displayed  its pre-determination that Braxton's sentence be laden with upward enhancements. The Court relied on Probation's erroneous beliefs and, in doing so, the Court abused its discretion and erred. The Court imposed the very recommendation that Probation had advanced, down to its exact recommended length of sentencing, 324 months.

Braxton does not seek to excuse his criminal behavior, or recede from his stipulations of fact, but his conduct should not, and must not, be exaggerated by Probation, upon which the Court erroneously relied in imposing this and the previous two-level enhancement. It is proper for a Court to accept, down to the precise month, Probation's recommendation of length of sentence, but only where such recommendation is based on fact and not, as clearly admitted here by Probation in its Addendum, based on conjecture and belief.  Braxton's sentence

should be vacated and remanded for re-sentencing, with instructions that these two enhancements are not factually or legally justified.

## ARGUMENT FOR MR. BROWN

### Standard of Review

The Fourth Circuit reviews a criminal sentence for reasonableness, applying an abuse of discretion standard. *United States v. Horton*, 693 F. 3d 463 (4th Cir. 2012).

### I.    THE TRIAL COURT ERRED WHEN IT DID NOT CONSIDER A SENTENCE BELOW THAT MANDATED BY THE FEDERAL SENTENCING GUIDELINES

On August 12, 2013, the Attorney General of the United States Eric Holder issued a memorandum to United States Attorneys throughout the country. The memorandum refined the charging policies regarding mandatory minimum sentences for certain drug offenders. As part of the memorandum, Mr. Holder issued a policy covering prosecutorial conduct concerning sentencing for drug offenders. The memo stated in relevant part:

> [I]n cases involving the applicability of Title 21 mandatory minimum sentences based upon drug type and quantity, prosecutors should decline to charge the quantity necessary to trigger a mandatory minimum if the defendant meets the following criteria.
>
> *The defendant's relevant conduct does not involve the use of violence, the credible threat of violence, the possession of a weapon, the trafficking of drugs to or with minors, or the death or serious bodily injury of any person;

17

* The defendant is not an organizer, leader, manager or supervisor of others within a criminal organization;

* The defendant does not have significant ties to large scale drug trafficking organizations, gangs, or cartels; and

*The defendant doesn't have a significant criminal history. A significant criminal history will normally be evidenced by three or more criminal history points but may involve fewer or greater depending on the nature of any prior convictions.

*Office of the Attorney General, Memorandum to the United States Attorneys and Assistant Attorney General for the Criminal Division*, August 12, 2013, Appendix , 74-76.

In determining which cases are affected by Attorney General Holder's memo, the United States District Court for Kansas ruled that only cases where the defendant has been sentenced are not affected by the memo. "Holder clarified that the policy's application depends on the state of the proceeding, and *the policy is not retroactively applicable to cases on which sentence has been imposed.*" *United States v. Davis*, 2013 WL 5651619, page 2 (D.Kan. 2013), emphasis supplied. In *United States v. Kupa*, the United States District Court for the Eastern District of New York recognized the significance of Attorney General Holder's memo and ruled "As Attorney General Holder stated in his recent remarks to the American Bar Association, the new DPOJ policy is explicitly intended to limit the use of

18

mandatory minimums to the serious, high-level traffickers for whom Congress intended them." ---F. Supp. 2d----, 2013 WL 5550419 (E.D.N.Y. 2013)

The Memo of the Attorney General was issued on August 12, 2013. Defendant was not sentenced until August 28, 2013. Accordingly, the substance of the memo was applicable to defendant at the time of his sentencing.

When the factors enumerated in Attorney General Holder's memo are applied to defendant, it is clear that he was an individual who was contemplated by the memo and the trial court should have considered a sentence less than that determined by the federal sentencing guidelines.

   a. Defendant's relevant conduct did not include any violence, did not involve the credible threat of violence and did not include possession of a weapon;

   b. Defendant certainly was not an organizer, leader or manager within a criminal enterprise. The trial court noted, "this defendant is in the midlevel of a conspiracy trial that has produced sentences as high as 324 months." Tr. 8/28/13 32, Appendix

   c. There was no suggestion that defendant had any ties to large-scale drug trafficking organization. Rather, as the trial court acknowledged, defendant was a former government employee "in a responsible position before drug addiction took him down and made him lose his job and everything involved with that job. So I think addiction is something of a positive side of the ledger for him." Id. 32, Appendix, 73.

   d. Defendant's criminal history was determined to be 4 which is one point higher than the Holder memo references. However, in the same sentence where criminal history category is addressed, the memo directs that the points "may involve fewer or greater depending on the nature of any prior convictions." All of defendant's prior convictions were a consequence of his drug addiction. This was the problem that brought defendant before the court and which caused him to lose his government

19

job and his pension. It is clear the Holder memo takes into account the circumstances of past criminal conduct. Because defendant's past criminal conduct was the result of drug abuse, and he has suffered enormous consequences resulting from his past drug, use, the fact that he has 4 criminal history points should not alone exclude him from consideration under the Holder memo.

The trial court felt compelled to impose a guideline sentence of imprisonment. However, defendant was a person contemplated by the intent of the Holder memo who should have been considered for a lesser sentence. In a situation such as that presented by defendant, the Holder memo states that, "In cases where the properly calculated guideline range meets or exceeds the mandatory minimum, prosecutors should consider whether a below-guidelines sentence is sufficient to satisfy the purposes of sentencing as set forth in 18 U.S.C. § 3553 (a)." Appendix, 8.

## **CONCLUSION FOR MR. BRAXTON**

Braxton submits that it was error for the sentencing court to impose the two two-level enhancements. His sentence should be vacated and remanded for re-sentencing, with instructions that these two enhancements are not factually or legally justified.

20

## CONCLUSION FOR MR. BROWN

Appellant submits it was error for the sentencing court to not consider a sentence beneath the calculated guideline range. Accordingly, a remand is requested in order for the trial court to reconsider the sentence that was imposed.

## ORAL ARGUMENT NOT REQUESTED

Oral argument is not requested. The facts and legal arguments are adequately presented in the brief.

Respectfully Submitted,

*/s/ Steven H. Jesser*

Steven H. Jesser
Steven H. Jesser, Attorney at Law, P.C.
Attorney for Appellant-Defendant Samuel Braxton
2700 Patriot Boulevard, Suite 250
Glenview, IL 60026-8021
800-424-0060
800-330-9710 fax
shj@sjesser.com
*Counsel for Appellant Braxton*


/s/ Steven R. Kiersh

Steven R. Kiersh
Law Office of Steven Kiersh
5335 Wisconsin Avenue NW
Suite 440
Washington, DC 20015
(202) 347-0200
skiersh@aol.com
*Counsel for Appellant Brown*

21

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. 13-4277(L          **Caption:** US v. Samuel Braxton and Kevin Brown

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

☑    this brief contains _____5,002_____ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐    this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

☑    this brief has been prepared in a proportionally spaced typeface using
MS Word 2010 [*state name and version of word processing program*] in
Times New Roman, 14 point [*state font size and name of the type style*]; *or*

☐    this brief has been prepared in a monospaced typeface using
_____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s) Steven H. Jesser
_____

Attorney for appellant Braxton
_____

Dated: 2/21/14
_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 21, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Arun G. Rao
Christen A. Sproule
Ashley Tyson
Office of the U.S. Attorney
6406 Ivy Lane
Suite 400
Greenbelt, MD  20770
(301) 344-0229

<u>*/s/ Catherine B. Simpson*</u>
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664


Filing and service were performed by direction of counsel